

FILED
DEC 2 3 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SARFRAZ AHMED,<br><br>Debtor, | Case No. 08-24862-C-7 |
| BRASHER'S SACRAMENTO AUTO AUCTION, INC.,<br><br>Plaintiff,<br>v.<br><br>SARFRAZ AHMED,<br><br>Defendant. | Adv. Pro. No. 08-2375-C<br><br>Trial Date:<br>DATE: December 5, 2008<br>TIME: 10:30 a.m.<br>DEPT: D |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 5, 2008 the above-entitled matter came on for trial on Brasher's Sacramento Auto Auction, Inc.'s Complaint to Determine and Declare Debt Nondischargeable Pursuant to 11 U.S.C. Section 523(a)(2)(1)(4) and (a)(6) (the "Complaint"). Brady D. McLeod of The Miles Law Firm appeared on behalf of Brasher's Sacramento Auto Auction, Inc. ("Brasher's") and Sarfraz Ahmed ("Ahmed"), the defendant and debtor herein, appeared on his own behalf. The court having heard the testimony of the witnesses and the argument of the parties and having reviewed the documentary evidence, makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

To the extent any finding of fact set forth herein is a conclusion of law, it is hereby incorporated into the Conclusions of Law section as if set forth in full.

1. The Complaint is brought in connection with Ahmed's case under Chapter 7 of the Bankruptcy Code, Case No. 08-24862, now pending in this court. This court has jurisdiction over the Complaint as a "core proceeding" pursuant to 28 U.S.C. §§ 157, 1334 and 1367 because it involves the dischargeability of the debt herein described.

2. The Complaint seeks to determine and declare the debt owed to Brasher's by Ahmed non-dischargeable pursuant to sections 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy Code.

3. Brasher's is a corporation organized under the laws of the state of California and operates a vehicle auction in the city of Rio Linda, County of Sacramento, California and is a creditor of Ahmed.

4. Ahmed was at all times relevant herein a resident of the city of Gold River, County of Sacramento, California. At all relevant times Ahmed was a licensed California vehicle dealer and did business as Noble Auto Sales located in the city of Sacramento, County of Sacramento, California.

5. Ahmed controlled, dominated, and operated Noble Auto Sales as his individual business.

6. On January 30, 1995, defendant Ahmed entered into a "Dealer Flooring Agreement" (the "Agreement") with Brasher's. Under the Agreement, Ahmed was allowed to purchase vehicles from Brasher's and Ahmed was allowed to pay for the vehicles

when he sold them, or within ninety 90 days, whichever occurred first. Ahmed was required to notify Brasher's promptly upon the sale of any vehicle Ahmed had obtained from Brasher's and to then immediately pay Brasher's for the vehicle, whereupon Brasher's delivered the title to the vehicle to Ahmed. While Brasher's allowed Ahmed to floor the vehicles and place them on his lot, Brasher's retained the title to each floored vehicle until Ahmed had sold the vehicle and paid Brasher's the purchase price, whereupon Brasher's would cause title to be transferred to Ahmed. (Plaintiff's Exhibit Nos. 1 and 2; and trial testimony of Barry Larsen.)

7. During the time period from December 6, 2006 through February 7, 2007, Ahmed obtained 29 vehicles from Brasher's pursuant to the Agreement and thereafter failed to pay for them. The total purchase price owed by Ahmed to Brasher's for the 29 vehciles was $393,879.80. (Plaintiff's Exhibit Nos. 1 and 3; and trial testimony of Barry Larsen.)

8. Some time prior to December 6, 2007 Ahmed formed a relationship with Brasher's' employee, Kimberly Renfro ("Renfro"), Brasher's vehicle flooring title clerk. On occasions, Ahmed and Renfro would socialize together. (Plaintiff's Exhibit No. 1; and trial testimony of Barry Larsen; and trail testimony of Sarfraz Ahmed.)

9. At some time after Ahmed obtained the relevant 29 vehicles from Brasher's, Ahmed hatched a scheme with Renfro whereby Renfro would cause the titles to the vehicles to be transferred to Ahmed, before Ahmed had sold the vehicles and before Ahmed had paid to Brasher's the purchase price for the

respective vehicles. Brasher's had no knowledge and did not consent to Renfro's transfer of the relevant titles to Ahmed before he had paid Brasher's the full purchase price for the vehicles. Accordingly, Ahmed wrongfully obtained possession of the titles to the vehicles. (Plaintiff's Exhibit Nos. 1 and 3; and trial testimony of Barry Larsen.)

10. After wrongfully obtaining the vehicle titles, and during the time period from December 2006 through April 2007, Ahmed marketed and retailed 23 of the 29 vehicles to unsuspecting consumers without Brasher's' knowledge. In April 2007, in a conversation with Mr. Barry Larsen, Brasher's' collection manager, Ahmed admitted that he had a gambling problem and that it was "out of control" and that Ahmed was aware that he had wrongfully obtained the titles to the vehicles from Brasher's with the assistance of Renfro, sold the vehicles, and then converted the funds from the sales of the vehicles to his own personal use to gamble and pay other expenses. (Plaintiff's Exhibit Nos. 1, 3, and 11; and trial testimony of Barry Larsen; trail testimony of Sarfraz Ahmed.)

11. In that same month of April 2007, Renfro's employment was terminated by Brasher's because of her involvement in the scheme to deliver vehicle titles to Ahmed before Brasher's had been paid the purchase price of the vehicles. (Plaintiff's Exhibit No. 1; and trial testimony of Barry Larsen; trail testimony of Sarfraz Ahmed.)

12. On August 17, 2007, Brasher's recovered twelve (12) vehicles from Ahmed, six (6) of which were vehicles to which Ahmed had wrongfully obtained titles: 2001 Nissan Altima, 2004

Honda Accord, 2002 Mitsubishi Eclipse Spyder, 2005 Ford F-150, 2003 Ford F-150, and 2001 Ford Explorer. (Plaintiff's Exhibit Nos. 8 Vehicle Nos. 1, 2, 4, 5, 9, and 12; Exhibit No. 3, Vehicle Nos. 23, 27, 28, and 29, Exhibit No. 4; and trial testimony of Barry Larsen.) In addition, Ahmed turned over to Brasher's two (2) additional vehicles which he owned: 1999 Chevy Silverado 1500 and 1997 Honda Civic. These eight (8) vehicles were resold through Brasher's to other dealers and the amount of the sale was credited to the amount owed Brasher's by Ahmed for the 29 vehicles, together with some other account adjustments (dealer reserve), reducing the total amount owed Brasher's by Ahmed for the vehicles from $393,879.80 to $369,746.57. (Plaintiff's Exhibit Nos. 1, 3, 8, 9, and 11; and trial testimony of Barry Larsen.)

13. One of the vehicles to which Ahmed wrongfully obtained title was the 2002 BMW 745i, which Ahmed sold to himself, financing the sale through a local credit union, but then failed to pay Brasher's for the vehicle. (Plaintiff's Exhibit Nos. 1, 3, and 11; and trial testimony of Barry Larsen.)

14. Brasher's only recovered six (6) of the 29 vehicles. The remaining 23 vehicles were retailed to unsuspecting customers by Ahmed. (Plaintiff's Exhibit Nos. 1, 3, 8, 9, and 11; and trial testimony of Barry Larsen; trail testimony of Sarfraz Ahmed.)

15. Ahmed did not pay Brasher's for any of the 29 vehicles. The payments Ahmed did make to Brasher's were for vehicles that Ahmed had previously purchased from Brasher's,

none of the vehicles are at issue in this proceeding. In addition, Ahmed was credited for curtailments made on his purchase of vehicles from Brasher's. (Plaintiff's Exhibit Nos. 3 and 10; and trial testimony of Barry Larsen; and trail testimony of Sarfraz Ahmed.)

**CONCLUSIONS OF LAW**

To the extent any conclusion of law set forth herein is a finding of fact, it is hereby incorporated into the Findings of Fact section as if set forth in full.

**A. Larceny - 523(a)(4)**

16. Ahmed wrongfully obtained 29 vehicle titles from Brasher's without paying Brasher's the $393,8799.80 he owed for the vehicles he obtained from Brasher's. Although the vehicles may have been lawfully floored when they were delivered to Ahmed by Brasher's, the original and unlawful taking of Brasher's property occurred when Ahmed knowingly and wrongfully obtained the titles to the vehicles. When Ahmed thereafter sold 23 of the vehicles to unsuspecting consumers and diverted the proceeds from the sales to his own use, Ahmed committed larceny. Larceny is the fraudulent taking and carrying away of another's property with the intent of of converting the property for the taker's use without the owner's consent. In re Montes, 177 BR 325, 331 (Bd.C.D.Cal. 1994). That is just what Ahmed did when he obtained by unlawful scheme the vehicle titles without Brasher's' knowledge or consent. The damages caused to Brasher's resulting from Ahmed's larceny is $369,746.57, which is the amount that Ahmed owes to Brasher's for the vehicles. After

appropriate credit, Brasher's claim at the time of trial is only for $350,000.00 and this is the amount the court finds non-dischargeable under 11 U.S.C. § 523(a)(4) because the debt is one for larceny.

**B. Willful and Malicious Injury - 523(a)(6)**

17. At all relevant times, Ahmed acted in his business capacity as a licensed automobile dealer. Using his business capacity as a licensed automobile dealer. Using his business relationship with Brasher's, forged over a 13 year period, Ahmed hatched a scheme with the secret assistance of one of Brasher's employees whereby Ahmed wrongfully obtained titles to 29 vehicles without first paying for them. Ahmed then aggressively marketed and sold the vehicles, transferred ownership to unsuspecting consumers, and retained the funds from the sale of the vehicles, devoting the funds to his own personal use.

18. An injury is "willful" when the creditor shows that the debtor believed the injury was substantially certain to occur as a result of the debtor's conduct. _In re Jercich_, 238 F.3d 1202, 1208 (9th Cir. 2001). From the documentary and testimonial evidence, the court concludes that Ahmed knew Brasher's would suffer injury if Brasher's was not paid for the vehicles that Ahmed sold and titles to which Ahmed could transfer to Ahmed's buyers without first paying Brasher's. The court accordingly finds that Ahmed did willfully injure Brasher's.

19. A "malicious injury" requires a wrongful act, done intentionally, that necessarily causes injury, and that is

committed without just cause or excuse. Jercich, at 1209; In re Thiara, 285 B.R. 420, 427 (9th Cir. BAP 2002); In re Qari, 357 B.R. 793, 798 (Bk.N.D.Cal. 2006).

20. Ahmed wrongfully obtained titles to 29 vehicles. He did this intentionally, by way of a scheme with an employee of Brasher's, without Brasher's' knowledge or consent. When Ahmed thereafter sold the vehicles, transferring title to the buyers, he knew that Brasher's would necessarily thereby suffer injury. Ahmed's acts were in direct violation of the Agreement, and were done by Ahmed without any just cause or excuse; in fact, Ahmed stated that he did it to pay for his gambling. The court finds, then, that Ahmed did willfully and maliciously injure Brasher's.

21. The value of the injury suffered by Brasher's is the amount Ahmed owed Brasher's for the vehicles to which Ahmed unlawfully obtained title and thereafter sold to consumers, leaving Brasher's with its sole recourse to Ahmed. The value of the willful and malicious injury Ahmed caused Brasher's to suffer was shown at trial to be $350,000.00. The court finds the debt to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because it is a debt for willful and malicious injury.

**C. Fraud - 523(a)(2)**

22. The elements for a fraud cause of action under 11 U.S.C. § 523(a)(2) are: (1) the debtor made representations to the creditor; (2) the debtor knew the representations were false at the time he or she made them; (3) the debtor made the representations with the intent and purpose of deceiving the

creditor; (4) the creditor relied on the representations; and (5) the creditor sustained the alleged loss and damages as a proximate result of the representations. In re Jung Sup Lee, 335 B.R. 130 (9th Cir. BAP 2005).

23. The court finds and concludes that Brasher's has failed to establish the elements required to make Ahmed's debt to Brasher's non-dischargeable under 11 U.S.C. § 523(a)(2).

**CONCLUSION**

For the reasons stated herein, the court finds Ahmed's debt in the sum of $350,000.00 owed to Brasher's, nondischargeable under § 523(a)(4) and (c)(6) and grants a money judgment in the principal amount of $350,000.00. Judgment will be entered accordingly.

Dated: DEC 23 2008

ROBERT S. BARDWIL
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Brady McLeod
The Miles Lawfirm
3838 Watt Ave., #C-301
Sacramento, CA 95821

Sarfraz Ahmed
P.O. Box 660942
Sacramento, CA 95866

DATE: DEC 23 2008

Deputy Clerk